**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JACOB REVILLS,
        Appellant,

    v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
AT-0714-18-0049-I-1

DATE: April 22, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Danielle B. Obiorah, Esquire, Jonesboro, Georgia, for the appellant.

Kamaria Morris, Columbia, South Carolina, for the agency.

Karen Rodgers, Montgomery, Alabama, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed his removal from Federal service pursuant to the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017 (VA Accountability Act), Pub. L. No. 115-41, § 202(a), 131 Stat 862, 869-73 (codified

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

as amended at 38 U.S.C. § 714).  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed as a GS-09 Medical Technologist at the agency's Atlanta Veterans Administration Medical Center in Decatur, Georgia. Initial Appeal File (IAF), Tab 7 at 26, 42.  On September 15, 2017, the agency issued a notice proposing to remove the appellant pursuant to 38 U.S.C. § 714 based on two charges:  (1) conduct unbecoming (3 specifications); and (2) unauthorized absences (18 specifications).  *Id.* at 42-48.  The conduct unbecoming charge alleged that the appellant requested leave under the Family and Medical Leave Act of 1993 (FMLA) for July 11, 13, and 14, 2017, and then worked at a private non-profit hospital during the time covered by his FMLA leave.  *Id.* at 42.  The unauthorized absences charge alleged that, on 18 days during the period from July 17 to August 11, 2017, the appellant was absent from work for the first portion of his shift without his supervisor's authorization and that he was working at the other non-profit hospital during those absences.  *Id.* at 43-47.  Following the appellant's written response to the proposal, *id.* at 149-56, the deciding official issued a decision sustaining the charges and finding removal warranted, *id.* at 11-14.  The appellant was removed effective October 6, 2017.  *Id.* at 26.

The appellant filed a Board appeal challenging his removal, and he requested a hearing.  IAF, Tab 1.  He raised affirmative defenses of retaliation for his prior equal employment opportunity (EEO) activity and for assisting coworkers with their EEO complaints, and disability discrimination.  *Id.* at 4, Tab 13 at 5, Tab 16 at 3-4.

After a hearing, the administrative judge affirmed the removal, finding that the agency proved its charges by substantial evidence and that the appellant failed to prove his affirmative defenses.  IAF, Tab 31, Initial Decision (ID) at 3-10.  The appellant has filed a petition for review of the initial decision, and the agency has filed a response in opposition to the petition.  Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge concluded that the agency met its burden of proving both charges and all the supporting specifications.  ID at 3-8.  The appellant does not appear to dispute that finding on review.  PFR File, Tab 1.  Instead, he makes vague assertions that the initial decision was wrongly decided, identifying the following reasons:  "Procedural error; Prejudice; Legal error; Basis; Missinteration [sic] of law and evidence; And other issues."  *Id.* at 5 (punctuation added, capitalization as in original).  He further alleges that the administrative judge issued the initial decision before the appellant "close[d] [his] case."  *Id.* at 3.  The appellant also states that he has documents or evidence that was not included in the record that he would provide at a later date.  *Id.* at 3-4.  Finally, he appears to allege that the administrative judge was biased, stating that the hearing was "unfair and prejudice [sic]."  PFR File, Tab 1 at 3.

The appellant's assertions are unsupported.  Regarding his allegation that his appeal was closed prematurely, the record reflects that the administrative judge issued his decision following a 2-day hearing, in which the appellant was represented by counsel, who examined witnesses and provided a closing statement at the end of hearing.  ID; IAF, Tab 29, Hearing Compact Disc (HCD); *see* 5 C.F.R. § 1201.59(a) (stating that, when there is a hearing, the record will ordinarily close at the conclusion of the hearing).  Regarding his claim that the administrative judge was "unfair and prejudice[d]," the appellant's bare assertion does not establish a deep-seated antagonism towards him that would make fair

judgment impossible and does not overcome the presumption of honesty and integrity accorded to administrative judges. *See Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002); *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).

With respect to his argument that he has documents that are important to his appeal that he will provide at a later date, the appellant does not identify what those documents are, nor has he submitted them on review, and so we are unable to assess this claim. PFR File, Tab 1 at 3-4; *see Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (noting that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (observing that under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence); 5 C.F.R. § 1201.115(d) (explaining that, to constitute new evidence on review, the information contained in the documents that a party submits, and not just the documents themselves, must have been unavailable when the record closed below). Accordingly, the appellant's petition for review falls far below the standard set forth in 5 C.F.R. § 1201.115 for granting Board review, and his petition would ordinarily be denied.

<u>We nevertheless remand the appeal for the administrative judge to provide the parties with an opportunity to present evidence and argument regarding whether the agency's error in sustaining the removal based on substantial evidence harmed the appellant.</u>

Notwithstanding the above findings, remand of the appeal is required for a different reason. After the initial decision in this case was issued, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) issued its decision in *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290 (Fed. Cir. 2021), in which it determined that the agency erred by applying a substantial evidence

burden of proof to its internal review of a disciplinary action taken under 38 U.S.C. § 714.[2]  The court in *Rodriguez* found that substantial evidence is the standard of review to be applied by the Board, not the agency, and that an agency's deciding official must "determine[]" whether "the performance or misconduct . . . warrants" the action at issue, applying a preponderance of the evidence burden of proof.  *Id.* at 1298-1301 (quoting 38 U.S.C. § 714(a)(1)).

The Board subsequently issued the decision in *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶¶ 21-24, in which it found that it was appropriate to apply the harmful error standard from 5 U.S.C. § 7701(c)(2) to an agency's improper application of the substantial evidence standard to its review of proposed actions taken under 38 U.S.C. § 714.  The Board also held that the Federal Circuit's holding in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place.  *Id.*, ¶ 22.

As previously noted, the deciding official sustained the removal based on her conclusion that the charges were supported by substantial evidence.  IAF, Tab 7 at 21.  Further, in her hearing testimony addressing how she analyzed the charges, the deciding official confirmed that she found, based "on substantial evidence," that the recommendations set forth in the removal proposal for both charges should be sustained.  HCD, track 5 at 7:05 (testimony of the deciding official).  The administrative judge and the parties did not have the benefit of *Rodriguez*, and they were therefore unable to address its impact on this appeal.

---

[2] The VA Accountability Act was signed into law on June 23, 2017, prior to all of the events at issue in this appeal, and so retroactivity considerations are not implicated in this appeal.  *Cf. Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1380-82 (Fed. Cir. 2020) (concluding that applying 38 U.S.C. § 714 to conduct that occurred prior to its enactment would have an impermissible retroactive effect and so agencies may not use the VA Accountability Act to discipline employees for matters that occurred prior to the Act's effective date); *Wilson v. Department of Veterans Affairs*, 2022 MSPB 7, ¶¶ 29-33 (reversing an adverse action taken under section 714 that was based on both pre- and post-Act misconduct, concluding that it would not be possible to sustain the action based solely on the post-Act misconduct because the underlying instances of misconduct were "so factually interrelated that they cannot be fairly separated.")

Accordingly, we remand this case for adjudication concerning whether the agency's apparent error in applying the substantial evidence standard of proof was harmful.

On remand, the administrative judge should allow the parties to supplement the record regarding whether the agency considered the *Douglas* factors in analyzing the penalty.

In *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1325-26 (Fed. Cir. 2021), the Federal Circuit determined that the agency and the Board must consider and apply the nonexhaustive factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), in its review of an agency's penalty selection under 38 U.S.C. § 714. *See Semenov*, 2023 MSPB 16, ¶¶ 44-50 (stating that, consistent with the Federal Circuit's decision in *Connor*, 8 F.4th at 1325-26, the agency and the Board must apply the *Douglas* factors in reviewing the penalty in an action taken under 38 U.S.C. § 714). The court held that, although section 714 precludes the Board from mitigating the agency's chosen penalty, "[i]t does not alter the penalty review with respect to the *Douglas* factors" and that, although the Board cannot mitigate the penalty, "if the Board determines that the [agency] failed to consider the *Douglas* factors or that the chosen penalty is unreasonable, the Board must remand to the [agency] for a redetermination of the penalty." *Connor*, 8 F.4th at 1326-27 (citing *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1325 (Fed. Cir. 2021)) (explaining that, "if the [Board] concludes that the [agency's] removal decision is unsupported by substantial evidence, the [Board] should remand to the [agency] for further proceedings").

Here, the administrative judge did not review the agency's penalty. Instead, he noted that the Board lacks mitigation authority in actions taken under 38 U.S.C. § 714 and upheld the removal penalty "in accordance with the [VA Accountability Act]," based solely on the fact that the specifications and the charges were sustained. ID at 2, 10. Moreover, in the removal decision letter,

the deciding official did not reference the Board's decision in *Douglas* or cite to the *Douglas* factors.  IAF, Tab 7 at 21.  Nevertheless, in response to a question during the hearing from the appellant's counsel concerning whether she considered the *Douglas* factors, the deciding official stated that the *Douglas* factors were "brought forward by" the Human Resources (HR) staff and appeared to suggest that she considered this information.  HCD, track 5 at 9:45 (testimony of the deciding official).  When later confronted with the fact that the evidence file did not appear to contain any document referencing the *Douglas* factors, the deciding official acknowledged that such information did not appear to be in the evidence file and stated that she only would have reviewed such information if it was in the evidence file, seemingly suggesting that she did not consider the *Douglas* factors.  HCD, track 5 at 15:45, 23:40 (testimony of the deciding official).  When the issue was later revisited, the deciding official indicated that she may have had a verbal conversation with HR personnel concerning the *Douglas* factors.  HCD, track 5 at 23:50 (testimony of the deciding official).

When the appellant's counsel later questioned the deciding official about her consideration of the *Douglas* factors, including whether she considered any mitigating factors in reaching her decision, such as the appellant's service-connected disability, agency counsel objected to the line of questioning, arguing that the *Douglas* factors were inapplicable under 38 U.S.C. § 714.  HCD, track 5 at 20:30 (testimony of the deciding official).  The administrative judge sustained the agency's objection, agreeing that the agency was "absolutely right on this," referring to the inapplicability of the *Douglas* factors in appeals of actions under 38 U.S.C. § 714, and noted that he was unable to mitigate the agency's penalty and so he could not "hold [the deciding official] to a standard that does not legally exist."  HCD, track 5 at 21:45 (statements of the administrative judge on the record).  There was no additional testimony from the deciding official concerning her consideration of the *Douglas* factors.

Thus, the record is unclear as to whether the agency properly considered the *Douglas* factors in deciding to remove the appellant. The administrative judge and the parties did not have the benefit of *Connor*, and thus were unable to address its impact on this appeal. Therefore, remand is required for this issue as well. On remand, the administrative judge should permit the parties to submit additional evidence and argument on the penalty issue. *See Semenov*, 2023 MSPB 16, ¶ 50. In reviewing the penalty, the administrative judge should determine whether the agency proved by substantial evidence that it properly applied the *Douglas* factors and whether the agency's penalty selection was reasonable, and, if not, he should remand the appellant's removal to the agency for a new decision on the appropriate penalty. *Id.* (citing *Connor*, 8 F.4th at 1326-27; *Sayers*, 954 F.3d at 1375-76, 1379).

<u>The administrative judge should permit the parties to supplement the record on the appellant's EEO reprisal and disability discrimination affirmative defenses, and he should make new findings on those claims on remand.</u>

The administrative judge found that the appellant failed to prove his affirmative defenses of retaliation for prior EEO activity and discrimination based on his disability. ID at 8-10. The appellant does not directly challenge the administrative judge's finding that he did not prove his affirmative defenses on review. PFR File, Tab 1.

In making his findings regarding the appellant's affirmative defenses of disparate treatment disability discrimination and reprisal for prior EEO activity, the administrative judge concluded that the appellant failed to show that his disability or his prior EEO activity was a motivating factor in his removal, and so he failed to prove these affirmative defenses. ID at 8-9 (citing *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶¶ 48, 51 (2015), *overruled by Pridgen v. Office of Management and Budget*, 2022 MSPB 31). In the period since the administrative judge issued his initial decision, we clarified the evidentiary standards and burdens of proof for disparate treatment disability

discrimination and EEO reprisal claims in *Pridgen*, 2022 MSPB 31, ¶¶ 20-25, 40, 42, 44-47.  Here, the appellant alleged reprisal for his prior activity of filing an EEO complaint in July 2017, stating that the agency discriminated against him based on his disabilities.  IAF, Tab 7 at 149-56, Tab 13 at 5, Tab 16 at 4.  He also alleged that the agency discriminated against him on the basis of his service-connected disabilities by removing him.  IAF, Tab 7 at 149-56, Tab 13 at 5, Tab 16 at 4.

In the proceedings on remand, the administrative judge should advise the parties of the standards set forth in *Pridgen*, provide them with an opportunity to present argument and evidence, and hold a supplemental hearing on the appellant's affirmative defenses to permit the parties to address these standards. He should then apply the standards set forth in *Pridgen* in the remand initial decision.

On remand, the administrative judge should consider in the first instance the appellant's claim that he was removed in retaliation for providing assistance to another employee with her EEO complaint as an affirmative defense under 5 U.S.C. § 2302(b)(9)(B).

In an order summarizing the prehearing conference, the administrative judge identified the affirmative defenses the appellant was raising as including a claim that his removal was motivated by retaliatory animus by the agency due to the appellant's frequent representation of coworkers in their EEO complaints up until May 5, 2017.  IAF, Tab 16 at 4.  Under the Whistleblower Protection Enhancement Act of 2012, a prohibited personnel practice affirmative defense asserted in an adverse action appeal that independently could form the basis of an individual right of action appeal must be analyzed under the burden-shifting scheme set forth in 5 U.S.C. § 1221(e).  *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 12 (2015); *Bryant v. Department of Veterans Affairs*, 26 F.4th 1344, 1348 (Fed. Cir. 2022) (applying the same burden-shifting scheme to whistleblower reprisal affirmative defenses in actions taken under 38 U.S.C. § 714).  Under 5 U.S.C. § 2302(b)(9)(B), protected activity includes "testifying

for or otherwise lawfully assisting any individual in the exercise" of any appeal, complaint, or grievance right.[3] 5 U.S.C. § 2302(b)(9)(A)-(B); *Alarid*, 122 M.S.P.R. 600, ¶ 10. Additionally, the Board has held that an appellant's act of assisting another employee in the EEO process constitutes protected activity under 5 U.S.C. § 2302(b)(9)(B). *Marable v. Department of the Army*, 52 M.S.P.R. 622, 629-30 (1992) (finding that the appellant's actions "supporting an EEO complaint filed by an applicant for a position with the agency" constituted protected activity under section 2302(b)(9)(B)), *superseded on other grounds by Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446 (2014); *see Viens-Koretko v. Department of Veterans Affairs*, 53 M.S.P.R. 160, 163 (1992) (concluding that testifying in favor of another employee at an EEO hearing constitutes activity protected under 5 U.S.C. § 2302(b)(9)(B)).

In addition to the prehearing conference summary order, in a motion to compel the agency's responses to the appellant's discovery requests filed before the hearing, the appellant requested information from the agency concerning the nature of his coworker's EEO activity, noting that he needed such information to support his affirmative defense that the agency removed him in retaliation for his activity of advocating on EEO matters for other employees.[4] IAF, Tab 23 at 8.

---

[3] This is distinguishable from 5 U.S.C. § 2302(b)(9)(A)(i), which bars reprisal for an appellant's personal exercise of any appeal, complaint, or grievance right granted by law, rule, or regulation concerning an alleged violation of section 2302(b)(8). *Alarid*, 122 M.S.P.R. 600, ¶ 12 n.5.

[4] At the hearing, the administrative judge denied the agency's motion in limine requesting that the appellant's affirmative defense claims be excluded from the appeal, and sustained, in part, the appellant's motion to compel the agency's response to its discovery requests. HCD, track 1 at 2:00; IAF, Tabs 22-23, 25. Although the administrative judge did not sustain the portion of the appellant's motion that requested information pertaining to this affirmative defense, he noted that he would permit the witnesses to provide testimony concerning this affirmative defense, and the relevant witnesses provided such testimony during the hearing. HCD, track 1 at 5:10 (statements of the administrative judge on the record). Additionally, the administrative judge admitted into the record the appellant's prehearing submissions regarding his affirmative defenses, over the agency's objections. HCD, track 8 at 10:20 (statements of the administrative judge on the record). Finally, in the initial decision, the administrative judge ultimately considered the appellant's other affirmative defenses

The administrative judge also granted the appellant's requested witness who was to provide testimony relevant to the appellant's claim of reprisal for participating in EEO activity on behalf of another employee, and that witness testified at the hearing on those matters. IAF, Tab 7 at 230-31, Tab 16 at 4; HCD, track 7 (testimony of the appellant's coworker). Nevertheless, the administrative judge did not address this affirmative defense in the initial decision. ID at 8-10. He also did not set forth the appellant's burden of proving this affirmative defense in the prehearing conference orders, nor did the agency's pleadings place the appellant on notice of his burden of proving this affirmative defense. IAF, Tabs 16, 21; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (stating that the administrative judge must provide the appellant with explicit information on what is required to establish an appealable jurisdictional issue); *see also Easterling v. U.S. Postal Service*, 110 M.S.P.R. 41, ¶ 11 (2008) (stating that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings contain the notice that was lacking).

Although the appellant has not directly challenged the administrative judge's failure to address this claim in his petition for review, we conclude that he has not waived or abandoned this claim. *See Thurman v. U.S. Postal Service*, 2022 MSPB 21, ¶ 18 (summarizing factors to be considered when determining whether an appellant waived or abandoned an affirmative defense, including the clarity with which the appellant raised the affirmative defense, the degree to which he pursued the defense after raising it, and the likelihood that the presumptive abandonment was the product of misleading or incorrect information provided by the agency or the Board).

On remand, the administrative judge should provide the parties with an opportunity to present evidence and argument, including a supplemental hearing,

---

that were identified in the prehearing conference summary order. IAF, Tab 16 at 3-4, 6-10; ID at 8-10.

addressing whether the agency's use of the substantial evidence standard in the removal decision constituted harmful error. *See Semenov*, 2023 MSPB 16, ¶ 24. The administrative judge should also permit the parties to supplement the record regarding whether the agency considered the *Douglas* factors in analyzing the penalty. Finally, the administrative judge should address the appellant's affirmative defenses in the remand initial decision as specified herein.

**ORDER**

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                          _____
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.